■ VICTOR ROSARIO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [689 NYS2d 519] —In an action, *inter alia*, to recover damages for assault and false arrest, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (R. Goldberg, J.), which denied their motion to strike the answer of the defendant City of New York and granted the City's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Victor Rosario was allegedly beaten, arrested, and falsely imprisoned by police officers while on premises owned and policed by the New York City Housing Authority (hereinafter the NYCHA). The charges were later dismissed and Rosario and his wife commenced this action against the City of New York and police officers who were denominated by fictitious names. In its answer, the City admitted that it employed a police department, but denied that any of its officers were involved in the incident. The evidence in the record indicates, and it is undisputed by the plaintiffs, that the police officers involved in the incident were employed by the NYCHA, which was a separate legal entity from the City (*see, Pagan v New York City Hous. Auth.*, 175 AD2d 114). Nevertheless, the City did not assert an affirmative defense that it was an improper party to the action. The plaintiffs failed to name the NYCHA as a party before the Statute of Limitations period had expired.

The City cross-moved for summary judgment based upon the argument that it was not the proper party to the action. In response, the plaintiffs contended, *inter alia*, that the City should be estopped from using an unpleaded affirmative defense as a basis for the motion. Use of an unpleaded defense in a summary judgment motion is not prohibited as long as the opposing party is not taken by surprise and does not suffer prejudice thereby (*see, Lynbrook Glass & Architectural Metals Corp. v Elite Assocs.*, 225 AD2d 525, 527; *Seaboard Sur. Co. v Nigro Bros.*, 222 AD2d 574; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:11, at 319).

The record fails to indicate that the plaintiffs made any ef-

fort within the Statute of Limitations' period to determine the true identity of the officers involved in the incident. Indeed, by the time the plaintiffs scheduled the first preliminary status conference, after which relevant discovery was conducted, the Statute of Limitations period had already expired. Furthermore, at the time the cross motion for summary judgment was served, four years after the incident occurred and more than three years after the complaint was filed, the plaintiffs had served the City but had not served any of the officers allegedly involved. Had the plaintiffs performed minimal investigation, they might have determined that the officers were employed by the NYCHA, the proper party to the action. Under the facts in this case, therefore, there is no showing that the City's actions caused the plaintiffs to be prejudiced. In any event, the City was under no obligation to plead that it was not the proper party as an affirmative defense (*see, Kroin v City of New York,* 210 AD2d 95, 96).

Furthermore, the court did not improvidently exercise its discretion by excusing the City's failure to respond to the plaintiffs' notice to admit, which was also served after the expiration of the Statute of Limitations' period. The allegations sought to be admitted concerned the officers' involvement in the incident. Those allegations were at the heart of the controversy and were contrary to the City's previous denials in its answer (*see, Riner v Texaco, Inc.,* 222 AD2d 571, 572; *see also, National Union Fire Ins. Co. v Allen,* 232 AD2d 80, 85). Because the City made out a prima facie case of entitlement to summary judgment and its purported "admissions" formed the sole basis of the plaintiffs' opposition, the plaintiffs failed to submit sufficient evidence to raise a triable issue of fact as to whether the City was a proper party to the action (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Therefore, the City was entitled to summary judgment. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.