■ ROSINGMAN CORP., Appellant, v SHIRLEY KOPLOWITZ et al., Defendants, and Third-Party Plaintiffs-Respondents, and MORRIS KOPLOWITZ et al., Respondents. SAUL ROSENBERG, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [744 NYS2d 898] —In an action, inter alia, to recover possession of real property, the plaintiff, Rosingman Corp., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), entered July 5, 2000, as denied its cross motion for summary judgment on the complaint and to strike the answers to the complaint and

dismiss the counterclaims, and, sua sponte, enjoined the parties from making any further motions without leave of court, and the third-party defendant Saul Rosenberg appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment dismissing the third-party complaints insofar as asserted against him and, sua sponte, enjoined the parties from making any further motions without leave of court.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, enjoined the parties from making any further motions without leave of court, is treated as an application for leave to appeal from that part of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the plaintiff's appeal from so much of the order as denied that branch of its cross motion which was for summary judgment on the complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750; *Bray v Cox,* 38 NY2d 350). Here, the appellant appealed from a prior order of the Supreme Court, Kings County, dated September 9, 1999, which, inter alia, denied its motion for summary judgment. That appeal (Appellate Division Docket No. 2000-04924) was dismissed by decision and order on motion of this Court, dated May 30, 2001, for failure to prosecute. To the extent that the plaintiff is appealing from so much of the order entered July 5, 2000, as denied that branch of its cross motion which was for summary judgment on the complaint, the dismissal of the appeal from the order dated September 9, 1999, for lack of prosecution, bars the instant appeal which raises issues that could have been raised on the prior appeal (*see Rubeo v National Grange Mut. Ins. Co., supra*; *Bray v Cox, supra*).

There are issues of fact precluding summary judgment with respect to the defendants' counterclaims and the third-party complaints. Moreover, since the cross motions under review were made in violation of a prior unappealed order enjoining the parties from making any further motions without leave of court, we would affirm the order appealed from on that basis alone. Prudenti, P.J., Luciano, Townes and Crane, JJ., concur.