■ JAMES P. McGEE, Appellant, v JAMES DUNN, Respondent. [906 NYS2d 74]—

In an action to recover damages for libel and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated November 5, 2008, which denied his motion for leave to enter judgment upon the defendant's default in answering the complaint and for an inquest on the issue of damages, and granted the defendant's cross motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant was personally served with the summons and verified complaint on July 23, 2008, and failed to answer the complaint, appear, or move with respect thereto within the 20-day statutory period (*see* CPLR 320 [a]). In late August 2008 the plaintiff moved for leave to enter a judgment against the defendant upon his default in answering and for an inquest on the issue of damages. The defendant cross-moved to dismiss the complaint pursuant to CPLR 3211 (a). The Supreme Court denied the plaintiff's motion and granted the defendant's motion to dismiss the complaint. We modify.

Although a defaulting defendant is deemed to have admitted all the allegations in the complaint, "the legal conclusions to be drawn from such proof are reserved for the Supreme Court's determination" (*Venturella-Ferretti v Ferretti*, 74 AD3d 792, 793 [2010]; *see* CPLR 3215 [b]; *Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [1992]). There is no " 'mandatory ministerial duty' " to enter a default judgment against a defaulting party (*Resnick v Lebovitz*, 28 AD3d 533, 534 [2006], quoting *Gagen v Kipany Prods.*, 289 AD2d 844, 846 [2001]). Instead, the court must determine whether the motion was supported with "enough facts to enable [the] court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *see Cardo v Board of Mgrs., Jefferson Vil.*

*Condo 3*, 29 AD3d 930, 932 [2006]; *Beaton v Transit Facility Corp.*, 14 AD3d 637 [2005]). "In determining whether the plaintiff has a viable cause of action, the court may consider the complaint, affidavits, and affirmations submitted by the plaintiff" (*Litvinskiy v May Entertainment Group, Inc.*, 44 AD3d 627, 627 [2007]).

The Supreme Court properly denied the plaintiff's motion for leave to enter judgment upon the defendant's default in answering and for an assessment of damages, as the plaintiff's motion papers failed to set forth sufficient facts to enable the court to determine that there exists a viable cause of action to recover damages for either libel (*see Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365 [2007]; *Rufeh v Schwartz*, 50 AD3d 1002, 1004 [2008]) or malicious prosecution (*see Baker v City of New York*, 44 AD3d 977, 979 [2007]; *Paisley v Coin Device Corp.*, 5 AD3d 748, 749-750 [2004]). However, the Supreme Court should not have granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint as it was not made prior to the time by which the defendant was required to serve an answer or notice of appearance (*see* CPLR 320 [a]; 3211 [e]). Furthermore, the defendant's motion failed to request an extension of time to answer or appear (*see* CPLR 2004). In addition, the defendant's motion to dismiss the complaint failed to set forth a reasonable excuse for the default, which, along with a showing of a potentially meritorious defense, is generally necessary to avoid the entry of a default judgment (*see DeStaso v Bottiglieri*, 52 AD3d 453, 454 [2008]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 355-356 [2005]).

Under such circumstances, the Supreme Court improvidently exercised its discretion in granting the defendant's untimely motion to dismiss the complaint, as it, in effect, excused the defendant's default in the absence of a request for such relief (*see May v Hartsdale Manor Owners Corp.*, 73 AD3d 713 [2010]; *Zino v Joab Taxi, Inc.*, 20 AD3d 521, 522 [2005]; *see also Tirado v Miller*, 75 AD3d 153 [2d Dept 2010]).

The parties' remaining contentions are either without merit or improperly raised for the first time on appeal. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.