■ Joel Holubar et al., Appellants, v Michelle Holubar, Respondent, et al., Defendant. [934 NYS2d 710]—

The defendant Michelle Holubar (hereinafter the defendant) was in default for failing to timely answer the complaint or appear in this action. Thus, the defendant's cross motion to dismiss the complaint insofar as asserted against her was untimely (*see* CPLR 308 [2]; 320 [a]) and should not have been considered. To avoid the entry of a default judgment against her, the defendant was required to provide both a potentially meritorious defense and a reasonable excuse for her delay in answering or appearing (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *McGee v Dunn*, 75 AD3d 624, 625 [2010]; *DeStaso v Bottiglieri*, 52 AD3d 453, 454 [2008]). The defendant did not request an extension of time to answer or appear (*see* CPLR 2004). In granting the defendant's untimely motion to dismiss the complaint insofar as asserted against her, the Supreme Court improperly, in effect, excused the defendant's default in the absence of a request for such relief (*see McGee v Dunn*, 75 AD3d at 625; *Zino v Joab Taxi, Inc.*, 20 AD3d 521, 522 [2005]; *see also May v Hartsdale Manor Owners Corp.*, 73 AD3d 713 [2010]; *Mastroianni v Rallye Glen Cove, LLC*, 59 AD3d 686, 687 [2009]). Accordingly, the Supreme Court erred in granting the defend-

ant's cross motion to dismiss the complaint insofar as asserted against her.

To the extent the plaintiffs raise arguments on appeal regarding their motion for summary judgment, that motion was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Rivera, J.P., Eng, Belen and Austin, JJ., concur.