■ GOFFREDO DRAGO et al., Appellants, v ANTONIO SPADAFORA, Respondent. [942 NYS2d 633]—

In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Orange County (Bartlett, J.), dated March 8, 2011, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint and denied their cross application to substitute Spadafora Masonry, Inc., as the party defendant.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiffs' cross application to substitute Spadafora Masonry, Inc., as the party defendant is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [a] [2]; [c]); and it is further,

Ordered that the order is affirmed, with costs.

The plaintiff Goffredo Drago and the defendant, Antonio Spadafora, are brothers-in-law. Drago is a developer and general contractor and is the principal of the plaintiff Sara Construction, LLC (hereinafter together the plaintiffs). The defendant is a mason and the principal of Spadafora Masonry, Inc. (hereinafter Spadafora Masonry). Beginning in or around 2006, the plaintiffs were constructing two homes on separate parcels of land in Orange County. At Drago's request, the defendant provided laborers who were employees of Spadafora Masonry to perform certain masonry and stucco work at both locations. There was no written contract between the plaintiffs and the defendant. In February 2010, the plaintiffs commenced this breach of contract action against the defendant alleging that certain work was not properly performed. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

The defendant demonstrated his prima facie entitlement to judgment as a matter of law on the ground that the corporate entity, Spadafora Masonry, and not he personally, was the proper party to the action. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Under the facts of this case, and contrary to the plaintiffs' contention, the defendant was under no obligation to plead as an affirmative defense that he was not the proper party (*see Rosario v City of New York*, 261 AD2d 380, 381 [1999]). The undisputed evidence shows that Spadafora Masonry was formed in May 2000, and that Drago was aware of this fact well before the plaintiffs commenced the action. As such, there is no showing that the plaintiffs were taken by surprise by the defendant's use of an unpleaded defense in his motion for summary judgment or were prejudiced thereby (*id.* at 380-381; *see* CPLR 3018 [b]).

The Supreme Court properly denied the plaintiffs' cross application, made in their opposition papers, to substitute Spadafora Masonry as the party defendant. Whether viewed as a request for leave to amend the complaint or as one for substitution, such request must be made by motion (*see* CPLR 1021, 3025).

The plaintiffs' remaining contentions either are without merit or have been rendered academic by our determination. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.