The plaintiff commenced this action to foreclose a mortgage on property owned by the defendant Javier Gonzalez. Service upon Gonzalez of copies of the summons and complaint pursuant to CPLR 308 (2) was completed on March 6, 2009, and Gonzalez was required to answer the complaint, appear, or move with respect thereto within 30 days of that date (see CPLR 320 [a]; 3211 [e]). Gonzalez failed to do so, but by notice of motion dated October 21, 2009, he moved pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him. Gonzalez also moved for the imposition of sanctions upon the plaintiff pursuant to 22 NYCRR 130-1.1.
Gonzalez did not request an extension of time within which to serve and file a motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him, and he did not attempt to show good cause for his delay in making the motion, *695 or even address the untimeliness of the motion (see CPLR 2004). Moreover, Gonzalez has not sought an extension of time to answer or appear in this action (see CPLR 3012 [d]). Accordingly, the Supreme Court should have denied, as untimely, that branch of Gonzalez’s motion which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him (see Holubar v Holubar, 89 AD3d 802 [2011]; McGee v Dunn, 75 AD3d 624, 625 [2010]).
However, in light of the fact that the plaintiff, inter alia, provided various affirmations and affidavits wherein it made a certain representation that proved to be false, and persisted in making that representation after it knew or should have known it to be false, the Supreme Court providently exercised its discretion in granting that branch of Gonzalez’s motion which was for the imposition of sanctions upon the plaintiff (see 22 NYCRR 130-1.1 [c] [3]; Schwab v Phillips, 78 AD3d 1036, 1036-1037 [2010]). Dillon, J.P., Lott, Roman and Cohen, JJ., concur.