■ AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v YOLANDA SOLORZANO et al., Defendants, and ADVANCED ORTHO-PAEDICS, P.L.L.C., et al., Respondents. [968 NYS2d 372]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered January 10, 2013, which denied plaintiff's motion for summary judgment against defendant New York Spine Specialists (NYSS) and for a default judgment against the nonappearing defendants, and granted NYSS and defendant Advanced Orthopaedics' motion to dismiss the complaint as against them pursuant to CPLR 3211 (a) (4), unanimously modified, on the law, to grant plaintiff's motion for summary judgment as against NYSS and, upon a search of the record, Advanced, and it is declared that there is no coverage with respect to the injured defendant's accident under plaintiff's policy, to deny NYSS and Advanced's motion to dismiss, and, as to the defaulting defendants other than Advanced, otherwise affirmed, without costs, and the appeal from the denial of plaintiff's motion for a default judgment as against Advanced unanimously dismissed, without costs, as moot.

Although plaintiff was not entitled to a default judgment, because it failed to comply with CPLR 3215 (g) (4) (ii), it demonstrated its entitlement to summary judgment by submitting competent evidence of the mailing of the notices scheduling the injured defendant's independent medical examinations and of her failure to appear (see *Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559 [1st Dept 2011], *lv denied* 17 NY3d 705 [2011]). Under the circumstances, it was an improvident exercise of discretion to dismiss this action because of two pending Civil Court actions, particularly in favor of Advanced, which had defaulted in this action (see *Holubar v Holubar*, 89 AD3d 802 [2d Dept 2011]). Concur—Tom, J.P., Acosta, Saxe and Freedman, JJ.