■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for SOUNDVIEW HOME LOAN TRUST 2006-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT3, Respondent, v BELLA GAVRIELOVA et al., Defendants, and TALIB BEY, Appellant. [14 NYS3d 75]—

In an action to foreclose a mortgage, the defendant Talib Bey appeals from an order of the Supreme Court, Queens County (Agate, J.), entered July 3, 2013, which denied his motion, in effect, pursuant to CPLR 5015 to vacate so much of an order of the same court entered January 14, 2013, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against him upon his failure to appear or answer and for an order of reference.

Ordered that the order entered July 3, 2013, is reversed, on the law, with costs, and the motion of the defendant Talib Bey, in effect, pursuant to CPLR 5015 to vacate so much of the or-

der entered January 14, 2013, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against him and for an order of reference is granted.

On March 6, 2012, the plaintiff, Deutsche Bank National Trust Company (hereinafter Deutsche Bank), commenced this foreclosure action against the defendant Talib Bey, among others. In lieu of answering, Bey moved to pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him. By order dated August 27, 2012, the motion was denied without prejudice. Approximately two months later, Bey moved to renew his motion to dismiss but on November 21, 2012, the motion was marked off the court's motion calendar. Bey never answered the complaint.

On December 13, 2012, Deutsche Bank moved, inter alia, for leave to enter a default judgment based on Bey's failure to appear or timely serve an answer, and for an order of reference appointing a referee to compute the amount of money owed. Deutsche Bank failed to serve Bey with a notice of the motion. By order entered January 14, 2013, the Supreme Court granted the motion.

By order to show cause filed February 8, 2013, Bey moved, in effect, pursuant to CPLR 5015 to vacate so much of the order entered January 14, 2013, as granted those branches of Deutsche Bank's motion which were for leave to enter a default judgment and for an order of reference. Bey argued that he was entitled to notice of Deutsche Bank's motion pursuant to CPLR 3215 (g). By order entered July 3, 2013, the Supreme Court denied Bey's motion. We reverse.

CPLR 3215 (g) sets forth when and under what circumstances notice of an application or motion for leave to enter a default judgment must be given. As relevant here, CPLR 3215 (g) (1) provides that a defendant who appears in an action, even if he or she subsequently defaults, "is entitled to at least five days' notice of the time and place" of a motion for leave to enter a default judgment. A defendant appears when, inter alia, he or she makes "a motion which has the effect of extending the time to answer," such as a motion to dismiss pursuant to CPLR 3211 (CPLR 320 [a]; see Tsionis v Eriora Corp., 123 AD3d 694, 695 [2014]; Colbert v International Sec. Bur., 79 AD2d 448, 460 [1981]). Here, Bey appeared when he moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him. Accordingly, Bey was entitled to notice of Deutsche Bank's motion pursuant to CPLR 3215 (g) (1) (see CPLR 3215 [g] [1]; Paulus v Christopher Vacirca, Inc., 128 AD3d 116 [2015]; Walker v Foreman, 104 AD3d 460 [2013]).

A party is entitled to vacatur of a default judgment pursuant to CPLR 5015 (a) (4) when the court lacked jurisdiction to render the judgment. "[T]he failure to provide a defendant who has appeared in an action with the notice required by CPLR 3215 (g) (1), like the failure to provide proper notice of other kinds of motions, is a jurisdictional defect that deprives the court of the authority to entertain a motion for leave to enter a default judgment" (*Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116, 126 [2015]). Accordingly, so much of the order entered January 14, 2013, as granted those branches of Deutsche Bank's motion which were for a default judgment and order of reference should have been vacated pursuant to CPLR 5015 (a) (4) because Deutsche Bank failed to provide notice of the motion, as required by CPLR 3215 (g) (1), which deprived the Supreme Court of jurisdiction to entertain that motion (*see* CPLR 3215 [g] [1]; 5015 [a] [4]; *Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116 [2015]). Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.