■ YI ZHAO, Respondent, v DINA LIU, Also Known as LIU DAN, et al., Defendants, and VISIONCHINA MEDIA, INC., Appellant. [25 NYS3d 606]—

In an action, inter alia, to recover damages for aiding and abetting fraud, the defendant VisionChina Media, Inc., appeals

from an order of the Supreme Court, Westchester County (Smith, J.), entered February 28, 2014, which denied, as untimely, its motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) and 327 (a).

Ordered that the order is affirmed, with costs.

This action seeks to recover damages from VisionChina Media, Inc. (hereinafter VisionChina), for aiding and abetting a fraud allegedly committed by the defendant Dina Liu, also known as Liu Dan. On or about August 26, 2013, the plaintiff served VisionChina with the summons and complaint. VisionChina did not serve an answer. Instead, on December 24, 2013, VisionChina moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) and 327 (a). The Supreme Court denied the motion. VisionChina appeals.

At the time of its motion, VisionChina was in default for failing to answer the complaint within the 30-day period for service of a responsive pleading (*see* CPLR 320 [a]). VisionChina did not seek relief from its default or make any showing of a reasonable excuse for its default. Under such circumstances, the Supreme Court properly declined to excuse VisionChina's default and denied the motion as untimely (*see* CPLR 3211 [e]; *Holubar v Holubar*, 89 AD3d 802 [2011]; *McGee v Dunn*, 75 AD3d 624 [2010]).

The parties' remaining contentions need not be reached in light of our determination. Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.