■ CHASE HOME FINANCE, LLC, Respondent, v JOSE GARCIA et al., Appellants, et al., Defendants. [31 NYS3d 894]—

In an action to foreclose a mortgage, the defendants Jose

Garcia and Annette Garcia appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated July 31, 2013, as denied that branch of their motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 320 (a) provides that a defendant may appear in an action in one of three ways: (1) by serving an answer, (2) by serving a notice of appearance, or (3) by making a motion which has the effect of extending the time to answer, such as a motion to dismiss pursuant to CPLR 3211 (*see Deutsche Bank Natl. Trust Co. v Gavrielova*, 130 AD3d 674 [2015]; *Tsionis v Eriora Corp.*, 123 AD3d 694, 695 [2014]).

Here, the defendants Jose Garcia and Annette Garcia (hereinafter together the defendants), who never disputed that they were properly served with process (*see* CPLR 308 [1], [2]), did not appear in the action within the time period provided by statute (*see* CPLR 320 [a]; *Aurora Loan Servs., LLC v Hiyo*, 130 AD3d 763 [2015]; *One W. Bank, FSB v Valdez*, 128 AD3d 655 [2015]; *U.S. Bank N.A. v Gonzalez*, 99 AD3d 694 [2012]).

Prior to moving, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff lacked standing, the defendants did not seek an extension of time to answer or appear in this action (*see* CPLR 3012 [d]), or request an extension of time within which to serve and file a pre-answer motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them. Further, they did not attempt to show good cause for their delay, or even address the timeliness of their motion (*see* CPLR 2004). Therefore, they waived the defense of lack of standing. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them (*see Southstar III, LLC v Enttienne*, 120 AD3d 1332 [2014]; *cf. U.S. Bank N.A. v Gonzalez*, 99 AD3d at 695; *Holubar v Holubar*, 89 AD3d 802 [2011]; *McGee v Dunn*, 75 AD3d 624 [2010]).

The defendants' contention that the Supreme Court should have sua sponte dismissed the action or vacated an earlier default judgment because the complaint fails to allege that the plaintiff is the holder or assignee of the subject note is improperly raised for the first time on appeal. Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.