■ IRINA TKACHEVA, Appellant, v RUTH NORWOOD, Defendant, and ESTATE OF JOHN NORWOOD, Respondent. [56 NYS3d 273]—

In an action, inter alia, to recover unpaid wages, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated August 25, 2015, as granted that branch of the cross motion of the defendant Estate of John Norwood which was for summary judgment dismissing so much of the complaint insofar as asserted against it as sought to recover unpaid wages for services performed after October 14, 2011.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against Ruth Norwood and the Estate of John Norwood (hereinafter the estate), inter alia, to recover unpaid wages. The complaint alleges that the plaintiff was hired by "[the] defendants" "on or about May of 2011" without a written employment agreement, and that the defendants unlawfully failed to pay the plaintiff for work performed on their behalf from on or about May 2011 to March 25, 2012.

After issue was joined, the plaintiff moved for summary judgment on the complaint, and the estate cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, granted that branch of the estate's motion which was for summary judgment dismissing so much of the complaint insofar as asserted against it as sought to recover unpaid wages for services performed after October 14, 2011. We affirm the order insofar as appealed from.

In support of its cross motion, the estate established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint insofar as asserted against it as sought to recover unpaid wages for services performed after October 14, 2011, by demonstrating that John Norwood died on October 14, 2011, and that although Ruth Norwood was an executor of the estate, she did not bind the estate by hiring the plaintiff. The plaintiff, in opposition, asserted that the estate waived the affirmative defense that it is an improper party to this action because it failed to raise that affirmative defense in its answer or by pre-answer motion to dismiss. However, the claim that a defendant is not a proper party need not be pleaded as an affirmative defense if it would not take the plaintiff by surprise (*see Zalagaityte v Norwood*, 151 AD3d 1007 [2017] [decided herewith]; *Drago v Spadafora*, 94 AD3d 1041, 1042 [2012]; *Rosario v City of New York*, 261 AD2d 380, 381 [1999]). The plaintiff's contract was an employment contract at will without a term (*see Minovici v Belkin BV*, 109 AD3d 520 [2013]). Any work done after John Norwood's death could not have been contracted for by him. The estate was not obligated to plead its lack of liability as an affirmative defense (*see Lacy v Getman*, 119 NY 109 [1890]). Accordingly, in opposition to that branch of the cross motion which was for summary judgment dismissing so much of the complaint insofar as asserted against the estate as sought to recover unpaid wages for services performed after October 14, 2011, the plaintiff failed

to raise a triable issue of fact, and the Supreme Court properly granted that branch of the cross motion. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.