█ JOLANTA ZALAGAITYTE, Appellant, v RUTH NORWOOD, Defendant, and ESTATE OF JOHN NORWOOD, Respondent. [56 NYS3d 272]—

In an action, inter alia, to recover unpaid wages, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated July 15, 2015, as granted the cross motion of the defendant Estate of John Norwood for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against Ruth Norwood and the Estate of John Norwood (hereinafter the estate), inter alia, to recover unpaid wages. The complaint alleges that the plaintiff was hired by "[the] defendants" "on or about January 25, 2012" without a written employment agreement, and was paid only sporadically.

After issue was joined, the plaintiff moved for summary judgment on the complaint, and the estate cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, granted the estate's cross motion. We affirm the order insofar as appealed from.

In support of its cross motion, the estate established its prima facie entitlement to judgment as a matter of law by demonstrating that John Norwood died on October 14, 2011, before the plaintiff started her employment. The estate further noted that although Ruth Norwood was an executor of the estate, she did not bind the estate by hiring the plaintiff. In opposition to the cross motion, the plaintiff asserted that the estate was "estopped from raising the affirmative defense that

it is an improper party to this action" because it failed to raise that affirmative defense in its answer or by pre-answer motion to dismiss. However, the claim that a defendant is not a proper party need not be pleaded as an affirmative defense if it would not take the plaintiff by surprise (*see Drago v Spadafora*, 94 AD3d 1041, 1042 [2012]; *Rosario v City of New York*, 261 AD2d 380, 381 [1999]). The plaintiff's contract was an employment contract at will without a term (*see Minovici v Belkin BV*, 109 AD3d 520 [2013]). Any work done after John Norwood's death could not have been contracted for by him. The estate was not obligated to plead its lack of liability as an affirmative defense (*see Lacy v Getman*, 119 NY 109 [1890]). Accordingly, in opposition to the cross motion, the plaintiff failed to raise a triable issue of fact, and the Supreme Court properly granted the estate's cross motion for summary judgment dismissing complaint insofar as asserted against it. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.