In an action to foreclose a mortgage, the defendant Muhammad T. Kamil appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered October 13, 2015, which granted the plaintiff’s motion for an order of reference.
 

 Ordered that the order is affirmed, with costs.
 

 In support of its motion for an order of reference (see RPAPL 1321), the plaintiff submitted, inter alia, the affidavit of its document execution specialist, which set forth the facts establishing the claim, including that the plaintiff was the holder of the note and that the defendant Muhammad T. Kamil (hereinafter the defendant) defaulted under the terms of the note and mortgage, as well as proof that the defendant failed to answer within the time allowed (see US Bank N.A. v Louis, 148 AD3d 758, 759 [2017]; US Bank N.A. v Smith, 132 AD3d 848, 850 [2015]). The defendant opposed the motion by submitting the affirmation of his attorney, who argued that the plaintiff lacks standing and failed to comply with RPAPL 1302, 1303, 1304, and 1306. The Supreme Court granted the plaintiff’s motion, and the defendant appeals. We affirm.
 

 The defendant’s contention that the plaintiff failed to comply with the notice provisions of RPAPL 1303 and the pleading requirements of RPAPL 1302 is without merit. The plaintiff provided proof that it had complied with the requirements thereof, and the defendant did not refute that proof (see PHH Mtge. Corp. v Israel, 120 AD3d 1329 [2014]). The defendant’s bare and unsubstantiated denial of receipt of notice pursuant to RPAPL 1303 was insufficient to rebut the presumption of proper service created by the affidavit of service (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103 [2011]).
 

 Since the defendant failed to appear or answer the complaint, and also failed to demonstrate grounds for vacating his default (see Nationstar Mtge., LLC v Kamil, 155 AD3d 966 [2017] [decided herewith]), he is precluded from asserting the plaintiff’s lack of standing as a defense (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1069 [2016]; HSBC Bank USA v Angeles, 143 AD3d 671, 671 [2016]; Chase Home Fin., LLC v Garcia, 140 AD3d 820, 821 [2016]).
 

 The defendant’s contention that the plaintiff’s motion for an order of reference should have been denied on the basis that the plaintiff failed to make the motion within one year of his default in answering the complaint is not properly before this Court, as it was not raised before the Supreme Court (see U.S. Bank N.A. v Alba, 130 AD3d 715, 715-716 [2015]).
 

 The defendant’s remaining contention is without merit.
 

 Accordingly, the Supreme Court properly granted the plaintiff’s motion for an order of reference (see US Bank N.A. v Louis, 148 AD3d at 759; HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944 [2017]; Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1073 [2016]).
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.