Wilmington Sav. Fund Socy., FSB v Hakam (2019 NY Slip Op 01818)





Wilmington Sav. Fund Socy., FSB v Hakam


2019 NY Slip Op 01818


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-05595
 (Index No. 35773/12)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Eric Hakam, etc., appellant, et al., defendants.


The Schwartz Law Group, P.C., Bethpage, NY (Kenneth B. Schwartz of counsel), for appellant.
Jeffrey A. Kosterich, LLC, Tuckahoe, NY (Michael Li of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eric Hakam appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated March 9, 2017. The order denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court (Ralph T. Gazzillo, J.) entered May 5, 2016.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Eric Hakam which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale is granted.
In 2012, the plaintiff's assignor, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), commenced this action to foreclose a mortgage secured by real property in Shirley, against, among others, Eric Hakam (hereinafter the defendant). On September 1, 2015, upon the defendant's failure to appear or answer the complaint, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference and for leave to amend the caption to reflect the plaintiff's substitution in place of JPMorgan. On May 5, 2016, the court entered a judgment of foreclosure and sale. Thereafter, the defendant moved, among other things, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale on the ground of lack of jurisdiction. The defendant argued that he was not provided with notice of the motion for an order of reference as required under CPLR 3215(g)(1). In an order dated March 9, 2017, the court denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale. The defendant appeals from that order.
Pursuant to CPLR 3215(g)(1), "whenever application is made to the court or to the clerk, any defendant who has appeared is entitled to at least five days' notice of the time and place of the application, and if more than one year has elapsed since the default any defendant who has not appeared is entitled to the same notice unless the court orders otherwise." Here, since more than one year elapsed since the defendant's default, he was entitled to notice of the motion for an order of reference under CPLR 3215(g)(1), which the plaintiff concedes was not provided. The plaintiff's failure to give the defendant notice of the motion as required under CPLR 3215(g)(1) deprived the Supreme Court of jurisdiction to entertain the motion, and renders the order of reference and the [*2]ensuing judgment of foreclosure and sale void (see Citimortgage, Inc. v Reese, 162 AD3d 847, 848; Deutsche Bank Natl. Trust Co. v Gavrielova, 130 AD3d 674, 676; Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 125-126). Contrary to the plaintiff's contention, the mere fact that the plaintiff provided the defendant with notice of entry of the order of reference and the plaintiff's subsequent motion for the entry of a judgment of foreclosure and sale did not obviate the earlier jurisdictional defect.
The plaintiff's remaining contentions are not properly before this Court.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court