U.S. Bank N.A. v Gilchrist (2019 NY Slip Op 04217)





U.S. Bank N.A. v Gilchrist


2019 NY Slip Op 04217


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-09300
 (Index No. 2268/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Charles Gilchrist, respondent, et al., defendants.


Rosicki, Rosicki & Associates, P.C., Plainview, NY (Robert H. King and Edward Rugino of counsel), for appellant.
Yolande I. Nicholson, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 22, 2016. The order granted that branch of the cross motion of the defendant Charles Gilchrist which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the doctrine of res judicata.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Charles Gilchrist was properly served with process pursuant to CPLR 308(2), and thereafter, a determination of the plaintiff's motion and the cross motion of the defendant Charles Gilchrist.
The plaintiff commenced this action to foreclose a mortgage. The plaintiff subsequently moved, inter alia, for leave to enter a default judgment against the defendants and to appoint a referee to compute the sums due and owing to the plaintiff. The plaintiff argued that all of the defendants in this action had been served with the summons and complaint, and that they were all in default for failing to appear or answer within the time allowed. As relevant here, in support of its motion, the plaintiff submitted, among other things, an affidavit of a process server to show that the defendant Charles Gilchrist had been served with the summons and complaint pursuant to CPLR 308(2), and that he had failed to appear or answer the complaint within the time allowed. In addition, the plaintiff submitted evidence to establish that it was entitled to foreclose the subject mortgage due to Gilchrist's default in repaying his loan.
Gilchrist opposed the plaintiff's motion and cross-moved, by order to show cause, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on a multitude of grounds. Gilchrist contended, among other things, that the plaintiff lacked standing to commence this action, that the action was barred by the doctrines of res judicata and collateral estoppel, and that the Supreme Court lacked personal jurisdiction over him. Gilchrist alternatively cross-moved pursuant to CPLR 3012(d) for leave to serve and file a late answer. In support of his position, Gilchrist submitted, inter alia, his own affidavit wherein he disputed some of the factual statements contained in the process server's affidavit that the plaintiff had submitted in support of its motion.
In the order appealed from, the Supreme Court granted that branch of Gilchrist's cross [*2]motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the doctrine of res judicata. Since the court's determination of that branch of the cross motion was dispositive of the entire action, the court did not determine the plaintiff's motion or any of the remaining branches of Gilchrist's cross motion. The plaintiff appeals. We reverse.
"An action is commenced by filing a summons and complaint" (CPLR 304[a]). With limited exceptions not applicable here, a defendant's appearance "shall be made within twenty days after service of the summons" (CPLR 320[a]). "The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (CPLR 320[a]).
Service of a notice of motion to dismiss a complaint pursuant to CPLR 3211(a) extends a defendant's time to answer the complaint (see CPLR 3211[f]). A motion to dismiss a complaint pursuant to CPLR 3211(a) may be based on various grounds, including res judiciata, collateral estoppel, lack of standing, and lack of personal jurisdiction (see CPLR 3211[a][1]-[11]). Such a motion must be made "before service of the responsive pleading is required" (CPLR 3211[e]), or it is untimely (see Bennett v Hucke, 64 AD3d 529, 530). Without more, a defendant waives the defenses of res judiciata, collateral estoppel, and lack of standing if he or she fails to interpose an answer or file a timely pre-answer motion asserting those defenses (see CPLR 3211[e]; Matter of Brown v Stanford, 163 AD3d 1337, 1338; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182).
Generally, a defendant who fails to timely answer the complaint or appear in the action is in default (see Holubar v Holubar, 89 AD3d 802, 803; see also CPLR 3215[a]). "A defendant who has defaulted in answering admits all traversable allegations in the complaint, including the basic allegation of liability" (Glenwood Mason Supply Co., Inc. v Frantellizzi, 138 AD3d 925, 926; see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; Cole-Hatchard v Eggers, 132 AD3d 718, 720).
"On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; see CPLR 3215[f]; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that it had a reasonable excuse for its delay and a potentially meritorious defense" (Liberty County Mut. v Avenue I Med., P.C., 129 AD3d at 785; see Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1195). Similarly, to have a late answer deemed timely served nunc pro tunc, a defendant is required to provide a reasonable excuse for his or her delay in answering and demonstrate a potentially meritorious defense to the action (see CPLR 3012[d]; L & Z Masonry Corp. v Mose, 167 AD3d 728; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d at 1195).
Here, we disagree with the Supreme Court's determination to grant that branch of Gilchrist's cross motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the doctrine of res judicata. The affidavit of the plaintiff's process server constituted prima facie evidence of proper service, and the plaintiff's submissions established Gilchrist's default in failing to appear or answer the complaint within the time allowed (see generally Yi Zhao v Liu, 136 AD3d 1025, 1026; Scarano v Scarano, 63 AD3d 716, 716). Accordingly, without more, that branch of Gilchrist's cross motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the doctrine of res judicata was untimely (see Deutsche Bank Natl. Trust Co. v Ramharrack, 139 AD3d 787, 789; Archer v Motor Veh. Acc. Indem. Corp., 118 AD3d 5, 11; Lema v New York Cent. Mut. Fire Ins. Co., 112 AD3d 891, 892; Holubar v Holubar, 89 AD3d 802). Having failed to interpose an answer or file a timely pre-answer motion asserting the defense of res judicata pursuant to CPLR 3211(a)(5), Gilchrist could not properly invoke that defense without first vacating his default and obtaining leave to serve a late answer that asserts res judicata as an affirmative defense (see CPLR 3211[e]; Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 968-969; see also Gerster's Triple E. Towing & [*3]Repair, Inc. v Pishon Trucking, LLC, 167 AD3d 1353; cf. Matter of Brown v Stanford, 163 AD3d at 1338; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d at 1181-1182).
However, as indicated, Gilchrist alternatively cross-moved pursuant to CPLR 3012(d) for leave to serve and file a late answer. In support of that branch of his cross motion, Gilchrist argued that he defaulted in this action because he had never been properly served. Since Gilchrist's sworn denial of receipt of process contained specific facts to rebut the statements in the process server's affidavit, the presumption of proper service was rebutted and an evidentiary hearing is required before the plaintiff's motion or Gilchrist's cross motion can be fully resolved (see generally FV-1, Inc. v Reid, 138 AD3d 922, 924; cf. L & Z Masonry Corp. v Mose, 167 AD3d 728). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing to determine whether Gilchrist was properly served with process pursuant to CPLR 308(2), and thereafter, a determination of the plaintiff's motion and Gilchrist's cross motion.
SCHEINKMAN, P.J., BALKIN and MILLER, JJ., concur.
HINDS-RADIX, J., dissents, and votes to affirm the order, with the following memorandum:
In September 2010, the plaintiff commenced an action against, among others, the defendant Charles Gilchrist (hereinafter the defendant) to foreclose a mortgage encumbering property known as 963 Bergen Street in Brooklyn. The plaintiff moved to discontinue that action, and the Supreme Court issued a conditional order of discontinuance dated August 3, 2012, which discontinued the action, without prejudice, on the condition that "any subsequent foreclosure must be filed by Dec[ember] 7, 2012, or such subsequent [action] is barred." The plaintiff did not seek reargument or renewal, did not appeal from the conditional order, and did not move for an extension of time.
The plaintiff commenced the instant foreclosure action in February 2014, over one year late, in violation of the order dated August 3, 2012. The defendant did not serve an answer or move to dismiss the complaint, causing the plaintiff to move, inter alia, for leave to enter a default judgment. The defendant cross-moved, inter alia, to dismiss the complaint insofar as asserted against him. The order appealed from granted that branch of the defendant's cross motion which was to dismiss the complaint insofar as asserted against him on the ground that the terms of the order dated August 3, 2012, governed "and this action is . . . barred by [that] order."
My colleagues in the majority conclude that the procedural bar set forth in the order dated August 3, 2012, is an affirmative defense sounding in res judicata, which is waived if not asserted in an answer or a pre-answer motion to dismiss (see CPLR 3211[a][5]). However, as argued by the plaintiff, the doctrine of res judicata is not applicable here. Res judicata applies where there is a prior final determination on the merits (see Sancar Mgt. v One West Bank, FSB, 165 AD3d 1306). The order dated August 3, 2012, was not a determination on the merits of any issue. Rather, the order dated August 3, 2012, in effect, imposed an injunction, barring commencement of a new foreclosure action after December 7, 2012 (see Curry v Common Ground Community, H.D.F.C., 146 AD3d 641; Rosingman Corp. v Koplowitz, 296 AD2d 452; Spremo v Babchik, 216 AD2d 382).
My colleagues in the majority state that by failing to interpose a timely answer or file a timely pre-answer motion asserting an affirmative defense pursuant to CPLR 3211(a)(5), the defendant could not properly invoke the court-imposed bar without first vacating his default and obtaining leave to serve a late answer that asserts the bar as an affirmative defense which must be pleaded (see CPLR 3211[e]). Designating the bar as an affirmative defense which must be pleaded permits the parties to waive conditions imposed by the Supreme Court, without court authorization, and would require a defendant in an action commenced in violation of a court order to assiduously defend the action in a timely fashion, thwarting the intent of the court. Generally, a defendant is not required to plead as an affirmative defense a claim which would not take the plaintiff by surprise (see CPLR 3018[b]; Zalagaityte v Norwood, 151 AD3d 1007). In this case, the court-imposed bar was no surprise to the plaintiff, which was the plaintiff in the 2010 foreclosure action and was bound by the order dated August 3, 2012.
The propriety of the order dated August 3, 2012, is not before this Court. The plaintiff's commencement of the instant action violated the terms of that order. Accordingly, the instant action should be dismissed.
ENTER:
Aprilanne Agostino
Clerk of the Court