Law Offs. of Harvey A. Arnoff v Smolian (2019 NY Slip Op 05114)





Law Offs. of Harvey A. Arnoff v Smolian


2019 NY Slip Op 05114


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-11624
 (Index No. 15-18138)

[*1]Law Offices of Harvey A. Arnoff, respondent,
v
Jonathan Smolian, appellant, et al., defendants.


Jonathan Smolian, New York, NY, appellant pro se.
Law Offices of Harvey A. Arnoff, Riverhead, NY, respondent pro se.



DECISION & ORDER
In an action to recover attorneys' fees, the defendant Jonathan Smolian appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated September 26, 2017. The order denied the defendants' motion (1) pursuant to CPLR 5015(a)(3) to vacate, inter alia, a judgment of the same court entered April 17, 2017, which, upon a prior order of the same court dated January 20, 2017, directing dismissal of the defendants' answer and counterclaim based on their failure to appear at a preliminary conference, upon a prior order of the same court dated February 21, 2017, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendants to the extent of directing that an inquest be held to determine, inter alia, the amount of attorneys' fees owed to the plaintiff, and upon the defendants' default in appearing at the inquest, is in favor of the plaintiff and against the defendants in the total sum of $5,679.24, and (2) to dismiss the complaint.
ORDERED that the order dated September 26, 2017, is affirmed, with costs.
The plaintiff, a law firm, commenced this action against the defendants to recover attorneys' fees in the principal sum of $4,312.02, plus costs and interest. After the defendants failed to appear at a preliminary conference, which had been adjourned from November 22, 2016, to January 20, 2017, at the request of one of the defendants, the Supreme Court directed dismissal of the defendants' answer and counterclaim pursuant to 22 NYCRR 202.27(a). The plaintiff subsequently moved for leave to enter a default judgment against the defendants. The defendants did not oppose the motion. In an order dated February 21, 2017, the court granted the plaintiff's motion only to the extent of directing that an inquest be held to determine the amount of attorneys' fees owed to the plaintiff and to "determine whether to proceed to an inquest or stay this action pending arbitration until the requirements of the rule at 22 NYCRR Part 137 have been satisfied." The defendants failed to appear at the inquest on the scheduled date. Following the inquest, on April 17, 2017, a judgment was entered in favor of the plaintiff and against the defendants in the total sum of $5,679.24. In August 2017, the defendants moved to vacate the judgment and all prior orders in this action and to dismiss the complaint based on the plaintiff's failure to comply with the notice and arbitration requirements of 22 NYCRR part 137. The defendants argued, among other things, that during the inquest, the plaintiff erroneously informed the court that Part 137 was not applicable to the instant fee dispute. By order dated September 26, 2017, the Supreme Court denied the defendants' motion. The defendant Jonathan Smolian appeals.
We agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 5015(a)(3) to vacate, inter alia, the judgment. The defendants failed to establish that the plaintiff engaged in fraud, misrepresentation, or other misconduct warranting vacatur of the judgment pursuant to CPLR 5015(a)(3) (see Jacobs v New York City Tr. Auth., 138 AD3d 779, 780; Katz v Marra, 74 AD3d 888, 890-891). Moreover, the defendants failed to show that the plaintiff engaged in any misconduct which caused the defendants to default in appearing at the preliminary conference and at the inquest. Smolian's remaining arguments to support his contention that the defendants' default should be excused are improperly raised for the first time on appeal, and have not been considered by this Court (see Stein v Davidow, Davidow, Siegel & Stern, LLP, 157 AD3d 741, 742). Furthermore, in the absence of relief from the defendants' default, we agree with the court's determination to decline to consider that branch of the defendants' motion which was to dismiss the complaint (see Yi Zhao v Liu, 136 AD3d 1025, 1026; HSBC Mtge. Corp. [USA] v Morocho, 106 AD3d 875, 876; Holubar v Holubar, 89 AD3d 802, 802). Accordingly, we agree with the court's denial of the defendants' motion to vacate, inter alia, the judgment and to dismiss the complaint.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court