U.S. Bank Natl. Assn. v Persaud (2019 NY Slip Op 06527)





U.S. Bank Natl. Assn. v Persaud


2019 NY Slip Op 06527


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-00826 
2019-08934
 (Index No. 12981/12)

[*1]U.S. Bank National Association, etc., respondent,
v
Neville M. Persaud, defendant-appellant, et al., defendants; Routie Persaud, nonparty-appellant. (Appeal No. 1)
U.S. Bank National Association, etc., respondent,
v
Neville M. Persaud, et al., appellants. (Appeal No. 2)


David A. Bythewood, Mineola, NY, for appellants.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Edward Rugino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, Neville M. Persaud and Routie Persaud appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated October 5, 2016, and (2) a judgment of foreclosure and sale of the same court entered April 7, 2017. The order granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Neville M. Persaud, to strike the answer of Neville M. Persaud, and to appoint a referee to determine the amount due the plaintiff, and denied the cross motion of Neville M. Persaud for summary judgment dismissing the complaint insofar as asserted against him. The judgment of foreclosure and sale, upon the order, among other things, directed the sale of the mortgaged property. The notice of appeal from the order is deemed also to be a notice of appeal by Neville M. Persaud from the judgment of foreclosure and sale.
ORDERED that the appeals from the order are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). In addition, Routie Persaud did not oppose the plaintiff's motion or join in the cross motion of Neville M. Persaud, and no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; see HSBC Bank USA, N.A. v Gervais, 168 AD3d 692, 693). The issues raised on the appeal from the order by Neville M. Persaud are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR [*2]5501[a][1]).
On February 15, 2007, Neville M. Persaud (hereinafter Neville) executed a note in favor of Chevy Chase Bank, F.S.B. To secure repayment of the note, Neville executed a mortgage, which was subsequently assigned to the plaintiff. In 2012, the plaintiff commenced this action to foreclose the mortgage against Neville, "John Does," and "Jane Does," alleging that Neville defaulted on his loan payments. Neville served a pro se answer. In April 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Neville, to strike his answer, to amend the caption to substitute Routie Persaud as a defendant in place of "John Does" and "Jane Does," and to appoint a referee to determine the amount due the plaintiff. Neville opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. By order dated October 5, 2016, the Supreme Court granted the plaintiff's motion and denied Neville's cross motion. On April 7, 2017, a judgment of foreclosure and sale was entered on the order. These appeals ensued.
On appeal, Neville has abandoned the arguments he made in opposition to the plaintiff's motion, including his argument that the plaintiff lacked standing to maintain this action. Instead, Neville contends that various documents submitted by the plaintiff were invalid because they lacked a certificate of conformity pursuant to Real Property Law § 299-a, and that the plaintiff allegedly violated 15 USC § 1641(g). These arguments, which were not raised in Neville's opposition to the plaintiff's motion before the Supreme Court, are not properly before this Court (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029; Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 751; Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 969).
Accordingly, we affirm.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court