HSBC Bank USA, N.A. v Perry (2019 NY Slip Op 08662)





HSBC Bank USA, N.A. v Perry


2019 NY Slip Op 08662


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-01111
 (Index No. 14771/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Leonard Perry, etc., et al., defendants, Lisa Perry, etc., appellant.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest R. Ranalli of counsel), for appellant.
Shapiro DiCaro & Barak, LLC, Rochester, NY (James R. Adam and Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lisa Perry appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated December 5, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(2), (3), and (4) to vacate a judgment of foreclosure and sale of the same court dated August 5, 2015, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the grounds that the plaintiff failed to comply with RPAPL 1303, 1304, and 1306.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage against the appellant, among others, on or about June 3, 2013. The mortgage at issue, which encumbered property located in Port Jefferson, secured the repayment of a note in the amount of $397,800.
The appellant never answered the complaint. The Supreme Court granted the plaintiff's motion for leave to enter a default judgment and subsequently issued a judgment of foreclosure and sale on August 5, 2015. The subject property was sold at public auction on December 16, 2015.
On or about March 7, 2016, the appellant moved, inter alia, pursuant to CPLR 5015(a)(2), (3), and (4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the grounds that the plaintiff failed to comply with RPAPL 1303, 1304, and 1306. In an order dated December 5, 2016, the Supreme Court, inter alia, denied those branches of the appellant's motion which were pursuant to CPLR 5015(a)(2), (3), and (4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the grounds that the plaintiff failed to comply with RPAPL 1303, 1304, and 1306. In relevant part, the court determined that the appellant had failed to offer any grounds pursuant to CPLR 5015(a) upon which to vacate the judgment of foreclosure and sale.
Contrary to the appellant's contention, a failure to comply with the requirements of RPAPL 1303, 1304, and 1306 is not jurisdictional in nature, so as to provide grounds for vacatur of a judgment of foreclosure and sale pursuant to CPLR 5015(a)(4) (see Pritchard v Curtis, 101 AD3d 1502, 1504; see also U.S. Bank N.A. v Carey, 137 AD3d 894, 896; TD Bank, N.A. v Leroy, 121 AD3d 1256, 1260 n 1). Nor has the appellant established any other grounds for vacatur of the judgment pursuant to CPLR 5015(a)(2) or (3). We note that the Supreme Court's personal jurisdiction over the appellant is not at issue on this appeal, and the appellant has neither sought to vacate the judgment of foreclosure and sale pursuant to CPLR 5015(a)(1) nor offered any excuse for her default in answering the complaint.
Since the judgment of foreclosure and sale was entered upon the appellant's default, and she has failed to establish any grounds for relief from that judgment, we agree with the Supreme Court's denial of that branch of her motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the grounds that the plaintiff failed to comply with RPAPL 1303, 1304, and 1306 (see U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1426-1427; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 984; Holubar v Holubar, 89 AD3d 802).
The appellant's remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court