■ ETHEL LEVY et al., as Executors of SIDNEY LEVY, Deceased, et al., Appellants, v NASSAU QUEENS MEDICAL GROUP, Respondent. — In an action to recover damages for breach of contract and prima facie tort, plaintiffs appeal from an order of the Supreme Court, Queens County (Leviss, J.), dated February 15, 1984, which granted defendant's motion to dismiss the complaint for failure to state a cause of action. ¶ Order affirmed, with costs. ¶ Plaintiffs' decedent, Dr. Sidney Levy, was a physician engaged in the practice of medicine as a partner in the defendant Nassau Queens Medical Group. By a majority vote of the partnership executive committee, Levy was expelled from the partnership on the ground that he was more than 70 years of age. Under the partnership agreement, a partner could be terminated by a majority vote if he has reached the age of 70. In this action to recover damages for breach of the agreement and for prima facie tort, plaintiffs alleged that the termination was made in bad faith because other persons over the age of 70 were not expelled from the partnership and the real reason for the termination was Levy's criticisms of partnership decisions. Special Term granted defendant's motion to dismiss the complaint for failure to state a cause of action. ¶ The purpose of the termination clause was to provide a simple, practical and speedy method of separating a partner from the partnership, and in the absence of undue penalty or unjust forfeiture, the court may not frustrate this purpose (*Gelder Med. Group v Webber,* 41 NY2d 680; *Gill v Mallory,* 274 App Div 84). While bad faith may be actionable, there must be some showing that the partnership acted out of a desire to gain a business or property advantage for the remaining partners (*Holman v Coie,* 11 Wash App 195). Policy disagreements do not constitute bad faith since "at the heart of the partnership concept is the principle that partners may choose with whom they wish to be associated" (see *Gelder Med. Group v Webber, supra,* p 684). ¶ Accordingly, there should be an affirmance. Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.