Oteri v Oteri-Harkins (2020 NY Slip Op 03018)





Oteri v Oteri-Harkins


2020 NY Slip Op 03018


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-00088
 (Index No. 15146/15)

[*1]Steven Oteri, respondent, 
v
Diane Oteri-Harkins,et al., appellants.


Diane T. Oteri-Harkins, Jamaica, NY, and Walter E. Harkins, Jr., Flushing, NY, appellants pro se (one brief filed).
Law Office of Wendy Tso, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered October 26, 2016. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and granted the plaintiff's motion, in effect, for leave to enter a default judgment.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for defamation. After the defendants' time to appear in the action elapsed (see CPLR 320[a]; 3211[e]), the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff moved, in effect, for leave to enter a default judgment. By order entered October 26, 2016, the Supreme Court denied the defendants' motion and granted the plaintiff's motion. The defendants appeal.
We agree with the Supreme Court's determination to deny the defendants' motion. The motion was untimely made, and the defendants did not seek relief from their default or demonstrate a reasonable excuse for their default (see Yi Zhao v Liu, 136 AD3d 1025, 1026; U.S. Bank N.A. v Gonzalez, 99 AD3d 694, 694-695; Holubar v Holubar, 89 AD3d 802).
Additionally, we agree with the Supreme Court's determination to grant the plaintiff's motion. On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff must submit proof of service of the summons and complaint or summons and notice, proof of the facts constituting the cause of action, and proof of the defendants' default (see CPLR 3215[f]; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable, since defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them'" (U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). Here, the plaintiff satisfied the requirements for demonstrating his entitlement for leave to enter a default judgment, and the defendants failed to successfully oppose the plaintiff's facially adequate motion (see Zhuoya Luo v Wensheng Wang, 176 AD3d 1016).
The defendants' remaining contentions are without merit.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court