Klostermeier v City of Port Jervis (2021 NY Slip Op 06993)





Klostermeier v City of Port Jervis


2021 NY Slip Op 06993


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-02107
 (Index No. 9503/19)

[*1]Irene Klostermeier, appellant,
v
City of Port Jervis, respondent.


Feerick Nugent MacCartney, PLLC, South Nyack, NY (Donald J. Feerick, Jr., Patrick A. Knowles, and Patrick J. McGorman of counsel), for appellant.
Thomas K. Moore, White Plains, NY (Eric D. Feldman [Dominic P. Zafonte] of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for trespass and nuisance, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated January 27, 2020. The order denied the plaintiff's motion for a preliminary injunction, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint, and denied the plaintiff's cross motion, among other things, for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for trespass and nuisance caused by water runoff onto the plaintiff's property. The complaint alleged, in sum, that a storm drain on the plaintiff's property that the defendant, the City of Port Jervis, replaced in 2015 fails to properly drain stormwater, causing water to pool at a catch basin at the end of the plaintiff's driveway and seep onto her property. The complaint also alleged that, while work on the storm drain was in progress, the City parked heavy machinery on the plaintiff's driveway which damaged the driveway. As relevant here, the City moved pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as was predicated upon allegations of water intrusion attributable to the storm drain and catch basin for failure to state a cause of action, and pursuant to CPLR 3211(a)(5) to dismiss as time-barred so much of the complaint as alleged that the City caused damage to her driveway by parking heavy machinery on it. In an order dated January 27, 2020, the Supreme Court, among other things, granted the City's motion. The plaintiff appeals.
The Supreme Court properly granted that branch of the City's motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as was predicated upon allegations of water intrusion attributable to the storm drain and catch basin. "On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction and the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Berkovits v Berkovits, 190 AD3d 911, 914-915, quoting Leon v Martinez, 84 NY2d 83, 87-88; see [*2]Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505). Upon the submission of evidentiary material in support of such a motion, "the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832).
Generally, "'[a] landowner will not be liable for damages to abutting property caused by the flow of surface water due to improvements to his or her land, provided that the improvements were made in good faith to make the property fit for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes and ditches'" (Raia v Town of Southampton, 175 AD3d 1445, 1446, quoting Biaglow v Elite Prop. Holdings, LLC, 140 AD3d 814, 815; see 6 Harbor Park Dr., LLC v Town of N. Hempstead, 159 AD3d 777, 779). Here, the complaint fails to allege that the City's improvements to the storm drain were not made in good faith, or that the water which has since pooled and seeped onto the plaintiff's property was diverted thereupon by artificial means. In addition, the parties' evidentiary submissions establish that the City's improvements to the storm drain were made in good faith and did not divert water onto the plaintiff's property (see Raia v Town of Southampton, 175 AD3d at 1445).
The Supreme Court also properly granted that branch of the City's motion which was pursuant to CPLR 3211(a)(5) to dismiss as time-barred so much of the complaint as alleged that the City caused damage to the plaintiff's driveway by parking heavy machinery on it. An action against a municipality for damage to real property must be commenced within one year and 90 days (see General Municipal Law § 50-i). A cause of action for property damage "accrues 'when the damage [is] apparent'" (Russell v Dunbar, 40 AD3d 952, 953, quoting Alamio v Town of Rockland, 302 AD2d 842, 844; see Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028). Here, the affidavit of the plaintiff's own expert demonstrates that the alleged damage to her property caused by the City's machinery was apparent in September 2015, when the expert was first hired by the plaintiff to inspect that damage. This action, however, was not commenced until four years later, in December 2019.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court