Banks v 110-18 198th St. Corp. (2022 NY Slip Op 03222)





Banks v 110-18 198th St. Corp.


2022 NY Slip Op 03222


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2021-07855
 (Index No. 712991/20)

[*1]Preston Renard Banks, plaintiff, 
v
110-18 198th Street Corp., defendant third-party plaintiff-appellant, et al., defendants; Jasmine Morgan, third-party defendant.


Borchert & LaSpina, P.C., Whitestone, NY (Robert W. Frommer of counsel), for defendant third-party plaintiff-appellant.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and to recover damages for fraud and unjust enrichment, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated October 4, 2021. The order denied the defendant third-party plaintiff's motion for leave to enter a default judgment against the third-party defendant.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendant 110-18 198th Street Corp. (hereinafter Street Corp.), inter alia, pursuant to RPAPL article 15 to quiet title to real property and to recover damages for fraud and unjust enrichment. The plaintiff alleges that he is an owner of the subject real property located in Queens that was fraudulently conveyed to Street Corp. pursuant to a deed containing his forged signature.
Street Corp. commenced a third-party action against Jasmine Morgan, asserting third-party causes of action for contribution and common-law indemnity and to recover damages for unjust enrichment. Street Corp. thereafter moved for leave to enter a default judgment against Morgan upon her failure to appear or answer the third-party complaint. In an order dated October 4, 2021, the Supreme Court denied Street Corp.'s motion, and Street Corp. appeals.
On a motion for leave to enter a default judgment, an applicant must submit proof of service of the summons and complaint or summons and notice, proof of the facts constituting the cause of action, and proof of the defaulting defendant's failure to answer or appear (see CPLR 3215[f]; U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112; HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable, since 'defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them'" (U.S. Bank Trust, N.A. v Green, 173 AD3d at 1112, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; see Oteri v Oteri-Harkins, 183 AD3d 902, 903). Here, Street Corp. failed to submit sufficient evidence of the facts constituting the third-party causes of action. Accordingly, the Supreme Court properly denied Street Corp.'s motion for leave to enter a default judgment against Morgan.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court