Cedarwood Assoc., LLC v County of Nassau (2022 NY Slip Op 07050)

Cedarwood Assoc., LLC v County of Nassau

2022 NY Slip Op 07050

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2019-12980
 (Index No. 605650/16)

[*1]Cedarwood Associates, LLC, et al., appellants,
v
County of Nassau, defendant-respondent; Suez Water Long Island, Inc., nonparty-respondent.

Paykin Krieg & Adams, LLP, Purchase, NY (Charles D. Krieg of counsel), for appellants.
Thomas A. Adams, County Attorney, Mineola, NY (Robert Van der Waag and Jackie L. Gross of counsel), for defendant-respondent.
Litchfield Cavo LLP, New York, NY (Robert G. Macchia and Patrick T. Steinbauer of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered October 9, 2019. The order denied the plaintiffs' motion pursuant to CPLR 3025(b) for leave to amend the complaint, and granted the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with one bill of costs.
On July 26, 2016, the plaintiffs commenced this action against the defendant, County of Nassau, to recover damages for injury to real property that allegedly occurred as a result of sewage line malfunctions on February 28, 2015, March 1, 2015, and March 2, 2015. In April 2019, the plaintiffs moved pursuant to CPLR 3025(b) for leave to amend the complaint to allege that the County was equitably estopped from raising the statute of limitations as an affirmative defense and to add nonparty Suez Water of Long Island, Inc. (hereinafter Suez), as a defendant. The County cross-moved pursuant to CPLR 3211(a) to dismiss the complaint as barred by the statute of limitations. The Supreme Court denied the plaintiffs' motion and granted the County's cross motion. The plaintiffs appeal.
Contrary to the plaintiffs' contentions, the Supreme Court properly denied their motion pursuant to CPLR 3025(b) for leave to amend the complaint and properly granted the County's cross motion pursuant to CPLR 3211(a) to dismiss the complaint as barred by the statute of limitations. As an action against a municipality for damage to real property must be commenced within one year and 90 days, the plaintiffs' cause of action against the County is time-barred (see General Municipal Law § 50-i; Klostermeier v City of Port Jervis, 200 AD3d 866). Leave to amend pleadings pursuant to CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit (see Caldara v County of Westchester, 197 AD3d 607, 608). The proposed amendment to the [*2]complaint alleging that the County was equitably estopped from raising the statute of limitations as an affirmative defense was palpably insufficient, as it failed to allege facts demonstrating that the plaintiffs were induced by fraud, misrepresentation, or deception to refrain from filing a timely action against the County (see Matter of Mount Vernon City Sch. Dist. v R.N., 188 AD3d 889; Erlichman v Ventura, 271 AD2d 481; Kiernan v Long Is. R.R., 209 AD2d 588). The proposed amended complaint did not allege that communications from the Nassau County Attorney's Office, indicating that the plaintiffs' claims were being reviewed, were intended to lull the plaintiffs into inactivity until after the expiration of the statute of limitations.
Since the plaintiffs sought leave to amend the complaint to add Suez as a defendant after the expiration of the relevant three-year limitations period (see CPLR 214), the plaintiffs were required to demonstrate the applicability of the relation-back doctrine (see Buran v Coupal, 87 NY2d 173, 177-178; Kammerzell v Clean Burn, Inc., 165 AD3d 768, 769). "In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well" (Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797, 799-800; see Buran v Coupal, 87 NY2d at 178). "In a negligence action, 'the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other'" (Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 679, quoting Connell v Hayden, 83 AD2d 30, 45; see Mileski v MSC Indus. Direct Co., Inc., 138 AD3d at 800; LeBlanc v Skinner, 103 AD3d 202, 210).
Here, the plaintiffs failed to satisfy their burden of establishing the applicability of the relation-back doctrine, as the proposed amended complaint did not allege facts demonstrating that either the County or Suez is vicariously liable for the acts of the other. The proposed amended complaint merely alleged that the County contracted with Suez to maintain its sewers (see Weckbecker v Skanska USA Civ. Northeast, Inc., 173 AD3d 936; Xavier v RY Mgt. Co., Inc., 45 AD3d 677). Accordingly, the proposed amendment to the complaint to add Suez as a defendant was also palpably insufficient.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court