Yan Ping Xu v Van Zwienen (2023 NY Slip Op 00350)

Yan Ping Xu v Van Zwienen

2023 NY Slip Op 00350

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-13297
 (Index No. 3233/18)

[*1]Yan Ping Xu, appellant, 
v
Raymond E. Van Zwienen, et al., respondents.

Yan Ping Xu, Bay Shore, NY, appellant pro se.
Craco & Ellsworth, LLP, Huntington, NY (Andrew C. Ellsworth of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for trespass, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 19, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability against the defendant Raymond E. Van Zwienen, and for leave to enter a default judgment against the defendant Denise Berger, and granted those branches of the defendants' separate cross-motions which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' separate cross-motions which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against each of them, and substituting therefor provisions denying those branches of those cross-motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendants, Raymond E. Van Zwienen and Denise Berger, to recover damages for trespass. The plaintiff contends that she is the owner of certain documents that were removed from her home without her permission.
Van Zwienen answered the complaint and asserted, inter alia, the affirmative defenses of a defense founded on documentary evidence and failure to state a cause of action. Berger failed to appear or answer the complaint. The plaintiff moved for summary judgment on the issue of liability against Van Zwienen and for leave to enter a default judgment against Berger. In support of her motion, the plaintiff submitted only her own conclusory affidavit, in which she averred, among other things, that Van Zwienen had received a letter from his father, the plaintiff's now-deceased husband (hereinafter the decedent), informing Van Zwienen of the precise location of the missing documents; that Van Zwienen had provided the plaintiff with these documents in the course of discovery during the probate of the decedent's will in Surrogate's Court; and that Van Zwienen's counsel had posed a question to the plaintiff that implied that Van Zwienen had directed Berger to remove the subject documents from the plaintiff's home. Van Zwienen and Berger separately cross-moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against each of them. In an order dated September 19, 2019, the Supreme Court denied the [*2]plaintiff's motion in its entirety and granted those branches of the defendants' separate cross-motions. The plaintiff appeals.
"On a motion for leave to enter a default judgment, an applicant must submit proof of service of the summons and complaint or summons and notice, proof of the facts constituting the cause of action, and proof of the defaulting defendant's failure to answer or appear" (Banks v 110-18 198th St. Corp., 205 AD3d 869, 869; see CPLR 3215[f]). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable, since defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Banks v 110-18 198th St. Corp., 205 AD3d at 869-870 [internal quotation marks omitted]). Here, although Berger defaulted in the action, the plaintiff failed to submit sufficient evidence of the facts constituting trespass. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to enter a default judgment against Berger.
The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Van Zwienen. "'A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden' on a motion for summary judgment" (Beauvoir v Samuel, 204 AD3d 741, 742, quoting JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385). The plaintiff's conclusory affidavit submitted in support of her motion was insufficient to establish, prima facie, that Van Zwienen trespassed on the subject premises.
However, the Supreme Court should have also denied the defendants' respective cross-motions to dismiss the complaint insofar as asserted against each of them. Under CPLR 3211(a)(1), a dismissal is warranted only if "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88). "To constitute documentary evidence, the evidence must be 'unambiguous, authentic, and undeniable'" (Philips v Taco Bell Corp., 152 AD3d 806, 807, quoting Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997), "such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (Philips v Taco Bell Corp., 152 AD3d at 807). "Conversely, letters, emails, and . . . affidavits, do not meet the requirements for documentary evidence" (id.). "An affidavit is not documentary evidence because its contents can be controverted by other evidence, such as another affidavit" (id.).
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction and the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Klostermeier v City of Port Jervis, 200 AD3d 866, 867 [internal quotation marks omitted]). "Upon the submission of evidentiary material in support of such a motion, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (id. at 867-868 [internal quotation marks omitted]).
Here, in support of his motion, Van Zwienen relied upon, inter alia, the letter from the decedent, describing the location inside the decedent's home where the subject documents could be found, and a report that the plaintiff had made to the police regarding the disappearance of a box containing those documents, in which the plaintiff stated there were no signs of forced entry into her home. However, the subject letter does not constitute "documentary evidence" (Philips v Taco Bell Corp., 152 AD3d at 807). Nor, contrary to Van Zwienen's assertion, does the plaintiff's statement to the police (recorded in the police report), that "there [were] no signs of a burglary or that anyone entered her home without her authority to do so," constitute an admission by the plaintiff that no trespass had taken place. Moreover, the plaintiff alleged in the complaint, among other things, that the marital home was her residence at the time of the alleged trespass. Consequently, the Supreme [*3]Court should not have granted that branch of Van Zwienen's cross-motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against him.
Furthermore, Berger defaulted in the action, and she did not seek an extension of time to answer or appear (see CPLR 3012[d]), or request an extension of time within which to serve and file a pre-answer motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against her (see Chase Home Fin., LLC v Garcia, 140 AD3d 820, 821). As a result, that branch of Berger's cross-motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against her was untimely (see CPLR 308[2]; 320[a]; 3211[e]; Holubar v Holubar, 89 AD3d 802, 802), and should not have been considered by the Supreme Court (see Oteri v Oteri-Harkins, 183 AD3d 902, 903; Holubar v Holubar, 89 AD3d at 802).
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court