B&B Maintenance Servs., Inc. v Town of Oyster Bay (2024 NY Slip Op 03399)

B&B Maintenance Servs., Inc. v Town of Oyster Bay

2024 NY Slip Op 03399

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-02277
 (Index No. 611815/22)

[*1]B & B Maintenance Services, Inc., appellant, 
v
Town of Oyster Bay, respondent.

Sichenzia Ross Ference Carmel, LLP, New York, NY (Nicholas R. Caputo, Andrew B. Zinman, and Wyn Ngo of counsel), for appellant.
Rosenberg Calica & Birney LLP, Garden City, NY (Edward M. Ross and Judah Serfaty of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered January 26, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint.
ORDERED that order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint is denied.
After the plaintiff served a notice of claim on the defendant, Town of Oyster Bay, the plaintiff commenced this action against the Town to recover damages for breach of contract, alleging, inter alia, that the Town breached its contract with the plaintiff by using another contractor to remove street sweepings and other debris from certain property. The Town moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. By order entered January 26, 2023, the Supreme Court granted the Town's motion, and the plaintiff appeals.
"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe I, 73 AD3d 78, 86).
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Cantor v Villuci, 212 AD3d 765, 766 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "Upon the submission of evidentiary material in support of such a motion, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said [*2]that no significant dispute exists regarding it, dismissal should not eventuate" (Klostermeier v City of Port Jervis, 200 AD3d 866, 867-868 [internal quotation marks omitted]).
Here, the Supreme Court should have denied the Town's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. The documentary evidence submitted by the Town, consisting of the bid documents and the Town's acceptance of the plaintiff's bid, failed to utterly refute the plaintiff's factual allegations that the parties entered into an exclusive requirements contract and to conclusively establish a defense as a matter of law (see Ming Long Liu v Kirkwood, 222 AD3d 861; Route 202 Rest., LLC v Old Crompond Rd., LLC, 166 AD3d 1035, 1036). Moreover, the evidentiary material submitted by the Town failed to establish that the plaintiff did not have a cause of action upon which relief may be granted, and that a material fact claimed by the plaintiff is not a fact at all and no significant dispute exists regarding it (see Ming Long Liu v Kirkwood, 222 AD3d 861).
In addition, as the Town waited more than 3½ months to reject the notice of claim on the ground that the verification was purportedly defective, and prior thereto, served a demand on the plaintiff for an examination pursuant to General Municipal Law § 50-h, the Town waived its objection to the purported defects in the notice of claim (see CPLR 3022; Rozz v Law Offs. of Saul Kobrick, P.C., 134 AD3d 920, 921-922).
Accordingly, the Supreme Court should have denied the Town's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court