Norton v County of Westchester (2025 NY Slip Op 04729)

Norton v County of Westchester

2025 NY Slip Op 04729

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-10062
 (Index No. 53612/20)

[*1]Zadell Norton, appellant,
v
County of Westchester, et al., defendants, City of New York, respondent.

Herman Law, P.A., New York, NY (Jeffrey Herman, Stuart Mermelstein, Jenny Rossman, Emily Dolgin, and Kyle A. Schiedo of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies, Amy McCamphill, and Pauline Esman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated September 19, 2023. The order granted the motion of the defendant City of New York pursuant to CPLR 3211(a)(5) to dismiss the second amended complaint insofar as asserted against it as time-barred.
ORDERED that the order is affirmed, with costs.
In March 2020, the plaintiff commenced this action against, among others, the defendants County of Westchester and Community of St. Mary, Eastern Province (hereinafter St. Mary), to recover damages for negligence pursuant to the Child Victims Act (CVA) (see CPLR 214-g). The plaintiff alleged that in 1974 and 1975, when she was 13 to 14 years old, she resided in a foster care group home, operated by St. Mary, where she was repeatedly sexually assaulted by an adult male staff member and an unidentified nun.
On July 18, 2022, after the expiration of the revival period under the CVA, the plaintiff moved, inter alia, for leave to serve a second amended complaint to add the City of New York as a defendant. In an order dated November 14, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion, but indicated that it was not making a determination as to whether the plaintiff's claims against the City were timely asserted.
Thereafter, the City moved pursuant to CPLR 3211(a)(5) to dismiss the second amended complaint insofar as asserted against it as time-barred. The plaintiff opposed the motion. In an order dated September 19, 2023, the Supreme Court granted the City's motion. The plaintiff appeals.
"'The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against [*2]the additional party as well'" (Sarceno v Manhattan View, LLC, 230 AD3d 1176, 1177, quoting Bumpus v New York City Tr. Auth., 66 AD3d 26, 35). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Sanders v Guida, 213 AD3d 712, 715 [internal quotation marks omitted]; see Kunwar v Northwell Health, 229 AD3d 528, 531).
Here, the first prong of the relation-back doctrine was satisfied. The plaintiff's claims against the City arose out of the same occurrences as her claims against the original defendants, specifically the alleged sexual assault (see Bisono v Mist Enters., Inc., 231 AD3d 134, 141; Rivera v Wyckoff Hgs. Med. Ctr., 175 AD3d 522, 524).
However, the plaintiff failed to satisfy the second prong of the relation-back doctrine. "Parties are united in interest if their interest in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (Fitzpatrick v City of New York, 232 AD3d 670, 672 [internal quotation marks omitted]; see Patrick v Comprehensive Med. Supply, LLC, 225 AD3d 777, 779). "'In a negligence action, the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other'" (Moceri v Town of Islip, 225 AD3d 856, 858 [internal quotation marks omitted], quoting Cedarwood Assoc., LLC v County of Nassau, 211 AD3d 799, 800). Here, the plaintiff failed to establish that the City was united in interest with the original defendants, as she failed to demonstrate that the City was vicariously liable for the original defendants' negligent acts or omissions (see id.; Cedarwood Assoc., LLC v County of Nassau, 211 AD3d at 800-801; see also George v Windham, 169 AD3d 876, 877).
Further, the plaintiff failed to satisfy the third prong of the relation-back doctrine. The record is devoid of any evidence that the City was aware that this action had been commenced prior to the expiration of the statute of limitations (see Patterson v Nassau County Social Servs. Dept., 231 AD3d 742, 744; Kunwar v Northwell Health, 229 AD3d at 531). Morever, the plaintiff failed to establish that the City knew or should have known that, but for a mistake as to the identity of the proper parties, this action would have been commenced against it as well (see Patterson v Nassau County Social Servs. Dept., 231 AD3d at 744; Stevens v Winthrop S. Nassau Univ. Health Sys., Inc., 89 AD3d 835, 836).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly granted the City's motion pursuant to CPLR 3211(a)(5) to dismiss the second amended complaint insofar as asserted against it as time-barred.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court