South Shore Eye Care, LLP v Lane (2025 NY Slip Op 05272)

South Shore Eye Care, LLP v Lane

2025 NY Slip Op 05272

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-05878
 (Index No. 606734/22)

[*1]South Shore Eye Care, LLP, et al., plaintiffs-respondents, 
v
Howard Lane, etc., defendant/counterclaim plaintiff-appellant; Mark Stein, et al., counterclaim defendants-respondents.

Ruskin Moscou Faltischek, P.C., Uniondale, NY (Daniel E. Shapiro of counsel), for defendant/counterclaim plaintiff-appellant.
Nixon Peabody LLP, Melville, NY (Neil P. Diskin and Joseph J. Ortego of counsel), for plaintiffs-respondents and counterclaim defendants-respondents.

DECISION & ORDER
In an action for a judgment declaring that the defendant/counterclaim plaintiff is expelled as a partner from South Shore Eye Care, LLP, and ceases to be a member of 689 Realty, LLC, the defendant/counterclaim plaintiff appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), dated April 11, 2023. The order granted the motion of the plaintiffs and the counterclaim defendants for summary judgment and declaring that the defendant/counterclaim plaintiff is expelled as a partner from South Shore Eye Care, LLP, and ceases to be a member of 689 Realty, LLC, and pursuant to CPLR 3211(a)(1) and (7) to dismiss the counterclaims.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant/counterclaim plaintiff is expelled as a partner from South Shore Eye Care, LLP, and ceases to be a member of 689 Realty, LLC.
South Shore Eye Care, LLP (hereinafter SSEC), is a limited liability partnership, which operates an ophthalmology practice in Long Island. The defendant/counterclaim plaintiff, Howard Lane, and the counterclaim defendants, Mark Stein, Jonathan Benjamin, Jodi Luchs, and Jason Flicker (hereinafter collectively the SSEC partners), entered into an SSEC partnership agreement (hereinafter the original LLP agreement) effective January 1, 2013. In December 2020, the SSEC partners amended the original LLP agreement (hereinafter the amended LLP agreement). Although the SSEC partners owned equal shares of SSEC, Stein was SSEC's founding member and its managing partner pursuant to section 6.2 of the amended LLP agreement. The SSEC partners were also the members of 689 Realty, LLC (hereinafter 689 Realty), an entity formed to own certain real property and to lease that property to SSEC as an office. The SSEC partners entered into an operating agreement effective January 1, 2013 (hereinafter the 689 operating agreement). Membership in 689 Realty was expressly dependent on being a partner in SSEC. Any partner of SSEC who withdrew from the amended LLP agreement involuntarily withdrew from the 689 operating agreement.
In November 2021, Stein, as managing partner of SSEC, expelled Lane from the SSEC partnership. In April 2022, Lane made a formal demand for SSEC's books and records and alleged that his purported expulsion had no basis in law or fact and violated the terms of the amended LLP agreement. Lane maintained that as a result of his opposition to negotiations with private equity investors, he was abruptly cut off from his patient base. In response to the demand, the plaintiffs, SSEC and 689 Realty, commenced the instant action for a judgment declaring that Lane is expelled as a partner from SSEC and ceases to be a member of 689 Realty. In June 2022, Lane interposed an answer and asserted counterclaims against the counterclaim defendants alleging, inter alia, breach of contact and breach of fiduciary duty and for an accounting.
In August 2022, the plaintiffs and the counterclaim defendants moved for summary judgment and declaring that Lane is expelled as a partner from SSEC and ceases to be a member of 689 Realty and pursuant to CPLR 3211(a)(1) and (7) to dismiss the counterclaims. By order dated April 11, 2023, the Supreme Court granted the motion. Lane appeals.
The Supreme Court properly granted those branches of the motion of the plaintiffs and the counterclaim defendants which were for summary judgment and declaring that Lane is expelled as a partner from SSEC and ceases to be a member of 689 Realty. "'The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent and the best evidence of what parties to a written agreement intend is what they say in their writing'" (Long Is. Minimally Invasive Surgery, P.C. v MultiPlan, Inc., 228 AD3d 638, 640, quoting Orlando v County of Putnam, 208 AD3d 503, 504; see Greenfield v Philles Records, 98 NY2d 562, 569). "'Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (Long Is. Minimally Invasive Surgery, P.C. v MultiPlan, Inc., 228 AD3d at 640, quoting Orlando v County of Putnam, 208 AD3d at 504). "'It is the role of the courts to enforce the agreement made by the parties—not to add, excise or distort the meaning of the terms they chose to include, thereby creating a new contract under the guise of construction'" (Village of Spring Val. v Post Off. Sq., LLC, 211 AD3d 885, 888, quoting NML Capital v Republic of Argentina, 17 NY3d 250, 259-260; see Roman Catholic Diocese of Brooklyn N.Y. v Christ the King Regional High Sch., 164 AD3d 1390, 1393). Here, the plaintiffs and the counterclaim defendants met their prima facie burden of establishing the plaintiffs' entitlement to judgment as a matter of law and for the requested declaratory relief (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). In support of the motion, the plaintiffs and the counterclaim defendants provided, inter alia, the original LLP agreement and the amended LLP agreement. Section 9.3(b) of the amended LLP agreement expressly permitted Stein, in his capacity as managing partner, to expel a partner without cause (hereinafter the expulsion clause).
In opposition, Lane failed to raise a triable issue of fact. Contrary to Lane's contentions, the expulsion clause was not contradicted or rendered ambiguous by any other provision of the amended LLP agreement. Further, Lane failed to establish that his expulsion was in bad faith and, therefore, that the enforcement of the expulsion clause should be precluded (see Gelder Med. Group v Webber, 41 NY2d 680; Levy v Nassau Queens Med. Group, 102 AD2d 845). "[A]t the heart of the partnership concept is the principle that partners may choose with whom they wish to be associated" (Gelder Med. Group v Webber, 41 NY2d at 684). Here, Lane failed to demonstrate the existence of bad faith, as he failed to establish that there was any undue penalty or unjust forfeiture that resulted from his expulsion (see id.; Levy v Nassau Queens Med. Group, 102 AD2d 845).
The Supreme Court further correctly granted those branches of the motion of the plaintiffs and the counterclaim defendants which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the counterclaims (see Leon v Martinez, 84 NY2d 83, 88; Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874). "Under CPLR 3211(a)(1), a dismissal is warranted only if 'the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Yan Ping Xu v Van Zwienen, 212 AD3d at 874, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d at 88). "'To constitute documentary evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other [*2]papers, the contents of which are essentially undeniable'" (Yan Ping Xu v Van Zwienen, 212 AD3d at 874 [citations and internal quotation marks omitted], quoting Phillips v Taco Bell Corp., 152 AD3d 806, 807; see Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997).
"'On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction and the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Yan Ping Xu v Van Zwienen, 212 AD3d at 874, quoting Klostermeier v City of Port Jervis, 200 AD3d 866, 867). "'Upon the submission of evidentiary material in support of such a motion, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (id., quoting Klostermeier v City of Port Jervis, 200 AD3d at 867-868).
The Supreme Court properly granted dismissal of the first counterclaim, alleging breach of contract, and the second counterclaim, for related declaratory relief. "'The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages'" (1470 39th St., LLC v Goldberg, 226 AD3d 853, 854 [internal quotation marks omitted], quoting Ripa v Petrosyants, 203 AD3d 768, 769-770; see Stewart v Berger, 192 AD3d 940, 941). "'To state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached'" (1470 39th St., LLC v Goldberg, 226 AD3d at 854 [internal quotation marks omitted], quoting NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061). Here, Lane failed to identify a provision of the amended LLP agreement that was breached, as the expulsion clause expressly permitted Stein to unilaterally expel Lane from SSEC without cause.
The Supreme Court properly granted dismissal of the third and fourth counterclaims, both alleging breach of fiduciary duty, and the fifth counterclaim, alleging aiding and abetting breach of fiduciary duty. "'The elements of a cause of action to recover damages for breach of a fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct'" (88-18 Tropical Restaurante Corp. v Utica First Ins. Co., 223 AD3d 772, 774, quoting Matter of Caton, 206 AD3d 993, 994). The elements must be pleaded with particularity pursuant to CPLR 3016(b). "To assert a cause of action for aiding and abetting breach of fiduciary duty, the plaintiff must allege, with particularity, 'knowledge of the alleged tortious conduct by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the tortious conduct'" (Plymouth Capital, LLC v Montage Fin. Group, Inc., 230 AD3d 1361, 1364 [citation omitted], quoting Land v Forgione, 177 AD3d 862, 864). Here, the damages alleged by Lane, that he saw fewer patients and was cut off abruptly from his patient base, were not directly attributable to the failure to include Lane in meetings with private equity investors.
The Supreme Court properly granted dismissal of the sixth and seventh counterclaims, both for an accounting. "An accounting is an equitable remedy which a party may seek only where he or she can establish 'the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest'" (LMEG Wireless, LLC v Farro, 190 AD3d 716, 720 [citation omitted], quoting Gorunkati v Baker Sanders, LLC, 179 AD3d 904, 905-906 ). As discussed above, there was no breach of fiduciary duty that would have sufficiently invoked Lane's right to an accounting.
The parties' remaining contentions are without merit.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, among other things, declaring that Lane is expelled as a partner from SSEC and ceases to be a member of 689 Realty (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court