Freedom Mtge. Corp. v Hansen-Velazquez (2025 NY Slip Op 05792)

Freedom Mtge. Corp. v Hansen-Velazquez

2025 NY Slip Op 05792

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-05828
2024-05829
 (Index No. 719869/22)

[*1]Freedom Mortgage Corporation, appellant,
v
Hansen-Velazquez, et al., defendants.

Gross Polowy LLC, Williamsville, NY (Steven Rosenfeld of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to cancel and vacate a satisfaction of mortgage recorded on February 28, 2022, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered June 22, 2023, and (2) an order of the same court entered January 5, 2024. The order entered June 22, 2023, denied the plaintiff's unopposed motion for leave to enter a default judgment against the defendants and to cancel and vacate the satisfaction of mortgage recorded on February 28, 2022. The order entered January 5, 2024, denied the plaintiff's unopposed motion, in effect, for leave to reargue its prior motion for leave to enter a default judgment against the defendants and to cancel and vacate the satisfaction of mortgage recorded on February 28, 2022.
ORDERED that the appeal from the order entered January 5, 2024, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered June 22, 2023, is reversed, on the law, without costs or disbursements, and the plaintiff's unopposed motion for leave to enter a default judgment against the defendants and to cancel and vacate the satisfaction of mortgage recorded on February 28, 2022, is granted.
The plaintiff commenced this action, inter alia, to cancel and vacate a satisfaction of mortgage recorded on February 28, 2022. The plaintiff alleged that the mortgage was erroneously recorded as satisfied. The plaintiff moved for leave to enter a default judgment against the defendants upon the defendants' failure to appear or answer the complaint and to cancel and vacate the satisfaction of mortgage. By order entered June 22, 2023, the Supreme Court denied the plaintiff's unopposed motion. The plaintiff moved, in effect, for leave to reargue its prior motion for leave to enter a default judgment against the defendants and to cancel and vacate the satisfaction of mortgage. By order entered January 5, 2024, the court denied the plaintiff's unopposed motion. The plaintiff appeals from both orders.
As an initial matter, the appeal from the order entered January 5, 2024, must be dismissed, as no appeal lies from an order denying reargument (see P.S. Fin., LLC v Eureka Woodworks, Inc., 213 AD3d 863).
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff must submit proof of service of the summons and complaint or summons and notice, proof of the [*2]facts constituting the cause of action, and proof of the defendants' default" (Oteri v Oteri-Harkins, 183 AD3d 902, 903; see CPLR 3215[f]; Banks v 110-18 198th St. Corp., 205 AD3d 869). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable, since defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Banks v 110-18 198th St. Corp., 205 AD3d at 869-870 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112).
Here, the plaintiff's unopposed motion for leave to enter a default judgment against the defendants and to cancel and vacate the satisfaction of mortgage was facially adequate and satisfied the requirements of CPLR 3215(f) (see U.S. Bank Trust, N.A. v Green, 173 AD3d at 1112; U.S. Bank, N.A. v Razon, 115 AD3d 739, 740; Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804, 806). Contrary to the Supreme Court's determination, such relief was not academic because the subject mortgage was later consolidated with another mortgage into a single lien, as the subject mortgage still existed and retained its independent force and effect (see Bank of Am., N.A. v Schwartz, 199 AD3d 975, 978; Wells Fargo Bank, N.A. v Douglas, 186 AD3d 532, 534; Benson v Deutsche Bank Natl. Trust, Inc., 109 AD3d 495, 498).
Accordingly, the Supreme Court should have granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendants and to cancel and vacate the satisfaction of mortgage.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court