Becvar v Our Lady of Consolation Nursing & Rehabilitation Ctr. (2026 NY Slip Op 01026)

Becvar v Our Lady of Consolation Nursing & Rehabilitation Ctr.

2026 NY Slip Op 01026

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-07995
 (Index No. 609267/18)

[*1]Cynthia A. Becvar, etc., appellant, 
vOur Lady of Consolation Nursing and Rehabilitation Center, respondent.

The Law Offices of David L. Singer, P.C., Melville, NY, for appellant.
Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, Garden City, NY (Gianna Crespo of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated April 2, 2024. The order denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
In May 2018, Neil D. Vincelette (hereinafter the decedent) commenced this action against the defendant, Our Lady of Consolation Nursing and Rehabilitation Center, alleging, inter alia, medical malpractice relating to care he received while residing at the defendant's facility. The decedent died in June 2018, and the plaintiff was substituted for him in this action as the administrator of his estate.
In May 2023, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint. The proposed amended complaint included new causes of action against the defendant alleging false imprisonment and wrongful death, new allegations of medical malpractice against the defendant, and causes of action against a proposed new defendant, Good Samaritan Hospital Medical Center (hereinafter Good Samaritan), alleging negligence and wrongful death. In an order dated April 2, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Applications to amend pleadings are within the sound discretion of the court" (Kismo Apts., LLC v Gandhi, 24 NY3d 403, 411; see Dominge v Dannenberg, 228 AD3d 729, 731). Such applications "should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (Deutsche Bank Natl. Trust Co. v Nissan, 230 AD3d 1105, 1108 [internal quotation marks omitted]; see CPLR 3025[b]; Dray v Staten Is. Univ. Hosp., 227 AD3d 664, 666). "[A] proposed amendment generally is considered patently devoid of merit if it is time-barred under the applicable statute of limitations" (Great Neck Lib. v Kaeyer, Garment & Davidson Architects, P.C., 236 AD3d 873, 875-876 [internal quotation marks omitted]; see Bhatara v Kolaj, 222 AD3d 926, 929).
Here, all of the new allegations and causes of action included in the proposed [*2]amended complaint were untimely, since the motion for leave to amend was filed more than four years after the decedent's death, after discovery of his allegedly undiagnosed conditions, and after he was last treated by either the defendant or Good Samaritan (see EPTL 5-4.1[1]; CPLR 214-a, 215[3]). Moreover, the plaintiff failed to satisfy her burden of establishing the applicability of the relation-back doctrine to any of the proposed amendments (see Buran v Coupal, 87 NY2d 173, 177-178; Cedarwood Assoc., LLC v County of Nassau, 211 AD3d 799, 800).
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court